# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| THOMAS M. STEWART,<br>    Plaintiff, | Case No. 1:12-cv-214 |
| vs | Beckwith, J.<br>Bowman, M.J. |
| SIMON LEIS, et al.,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiff, an inmate at the Hamilton County Justice Center, brings this action pursuant to 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal

basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Plaintiff, who is proceeding pro se, brings this action against defendants Sheriff Simon Leis, TechCare, NaphCare Medical Department, Dr. Hubbard and Dr. Johansen. (Doc. 1, Complaint p. 1). Plaintiff alleges that he, along with other inmates, "are being charged for medical service, medications, and psychiatric care at the Hamilton County Justice Center." *Id.* at 5. Plaintiff further alleges that the defendants are indifferent about giving medications needed by

inmates. *Id.* He seeks relief in the form of ten million dollars, a court order requiring defendants to stop charging for medical care, and an order that inmates receive medications. *Id.* at 6.

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. "[A]lthough a prison is required to provide its inmates with adequate medical care, this care does not necessarily have to be free of charge." *Hunt v. Mohr*, No. 2:11-cv-653, 2011 WL 4467764, at *5 (S.D. Ohio Sept. 26, 2011) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173-75 (3rd Cir. 1997) ("If a prisoner is able to pay for medical care, requiring such payment is not 'deliberate indifference to serious medical needs.'")); *see also Washington v. Sommerville*, No. 98-5515, 1999 WL 253652, at *2 (6th Cir. April, 23, 1999) ("Charging inmates who can pay for medical care does not constitute deliberate indifference or violate due process."). "Co-pay policies are constitutionally permissible if they do not interfere with timely and effective treatment of serious medical needs." *Miller v. Blackwelder*, No. 4:07-cv-009, 2008 WL 2940534, at *6 (E.D. Tenn. July 24, 2008) (collecting cases).

Plaintiff's complaint does not allege any fact indicating that he is unable to pay for medical care. Furthermore, the complaint includes no allegation that plaintiff has been denied medical care or received delayed treatment in any way. Plaintiff's complaint therefore fails to state a claim upon which relief may be granted and the complaint should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** on the ground that the complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

        */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS M. STEWART,
    Plaintiff,

vs

SIMON LEIS, et al.,
    Defendants.

Case No. 1:12-cv-214

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).